IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRUM & CRUM ENTERPRISES, INC., BRENDA CRUM, GEORGE CRUM, MARY ELY and IRV ELY, | : : : : : | |
| Plaintiffs, | : : | Civil No. 09-145 (RBK) |
| v. | : : : : : | **AMENDED OPINION** (Correcting Typographical Error as Noted Below) |
| NDC OF CALIFORNIA, L.P., | : : | |
| Defendant. | : : | |

**KUGLER**, United States District Judge:

This matter arises out of the alleged breach of an employment contract. Presently before the Court is Plaintiff Brenda Crum's motion to challenge the confidentiality of a protective order or alternatively to file documents under seal (Doc. No. 78). Plaintiff seeks to file a reply brief in support of her motion for summary judgment which contains information contained in a deposition transcript designated as "Confidential" by NDC pursuant to the protective order the Court entered on May 3, 2010 (the "Protective Order"). NDC objects, arguing that disclosure of disputed portions of that document will cause serious damage to its business interests. For the following reasons, Plaintiff's motion to modify the Protective Order is DENIED. Plaintiff's alternative motion to seal is GRANTED.[1]

---

[1] The Court's original opinion dated March 10, 2011 incorrectly stated that Plaintiff's alternative motion to seal is "DENIED".

**I.    BACKGROUND**

The Court previously reviewed this case's background, so only a brief factual update is required.  See Crum & Crum Enter., Inc. v. NDC of California, LP, No. 09-145, 2010 WL 4668456, at *1-3 (D. Del. Nov. 03, 2010).  Prior to April 2010, the Court entered the Protective Order.  (Doc. No. 66).  The Protective Order allows the parties to designate certain documents as "Confidential" or "Confidential – Attorneys' Eyes Only."  (Doc. No. 66 ¶ 3(a)).  Paragraph 5 of the Protective Order permits a party to challenge another party's designations, (Doc. No. 66, at 4-5), and Paragraph 7(b) of the Protective Order requires that any party that plans to submit confidential documents to the Court, seek leave of the Court to file those documents under seal, (Doc. No. 66, at 7).

On April 30, 2010, Plaintiff moved for summary judgment on NDC's counterclaim for breach of contract.  In opposition, NDC submitted the affidavit of Mr. B.J. Patterson, the Vice President of NDC's Western Region between 2002 and 2008.  (Def.'s Br. in Opp'n to Mot. for Summ. J. Ex. A App. 1).  Mr. Patterson's affidavit contains the details of NDC's relationship with Safeway, Inc., a NDC client.  Id.  In the reply brief, Plaintiff attached excerpts from the Rule 30(b)(6) deposition of Mr. Frank Raschilla, Executive Vice President and Chief Financial Officer of NDC.  Plaintiff claims that Mr. Raschille's testimony contradicts Mr. Patterson's affidavit.  Pursuant to the Protective Order, NDC designated portions of Mr. Raschille's testimony as confidential.  NDC claims that Mr. Raschilla's deposition contains "testimony on NDC and affiliated businesses' method of allocating expenses, information regarding NDC's revenues, and [Mr. Raschilla's] understanding of NDC's relationship with Safeway."  (Def.'s Br., at 4) (internal citations omitted).

On June 4, 2010, Plaintiff filed a motion to challenge the confidentiality of Mr.

Raschilla's deposition transcript, or in the alternative, to file the disputed portions of Mr. Raschille's testimony under seal. (Doc. No. 78). The parties submitted their respective briefs and the motion is now ripe for review.

## II. DISCUSSION

### A. Rule 26(c)

A court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" under Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c)(1). Pursuant to Rule 26, a Court may "forbid[] the disclosure or discovery," or "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Id. However, in order to maintain the confidentiality of a document throughout the litigation, a party must demonstrate "good cause." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786-87 (3d Cir. 1994).

Good cause exists when the party seeking closure makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure." Id.; see Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995). A party does not establish good cause by merely providing "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning.'" Pansy, 23 F.3d at 786 (quoting Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)). "The injury must be shown with specificity." Id. "The burden of justifying the confidentiality of each . . . document sought to be covered by a protective order remains on the party seeking the [protective] order." Id.

Moreover, in order to determine whether good cause exists, the Third Circuit has adopted a balancing test. Id. at 787. The Third Circuit identified the following factors to assist district

3

courts in conducting the balancing test: "(1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." Arnold v. Pennsylvania, Dept. of Transp., 477 F.3d 105, 108 (3d Cir. 2007) (citing Pansy, 23 F.3d at 787-88). After weighing those factors, the Court must "balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." Pansy, 23 F.3d at 787.

Plaintiff seeks to modify the Protective Order. A party seeking to modify an existing protective order "must come forward with a reason to modify the order." Id. at 790. "'Improvidence in the granting of a protective order is [a] justification for lifting or modifying the order.'" Id. (quoting In re "Agent Orange" Prod. Liab. Litig., 821 F.2d 139, 148 (2d Cir. 1987), cert. denied, 484 U.S. 953 (1987)). Once a party seeking to modify an existing protective order provides a reason to modify the order, the court must "use the same balancing test that is used in determining whether to grant such orders in the first instance, with one difference: one of the factors the court should consider in determining whether to modify the order is the reliance by the original parties on the confidentiality order." Id. Importantly, however, the parties' reliance on a protective order is not determinative regarding the issue of whether to grant the requested modification. Id. Instead, the court should consider the parties' reliance as one factor among many when determining whether to modify the protective order. Id. Finally,

> If access to protected [material] can be granted without harm to legitimate secrecy interest, or if no such interests exist, continued

> judicial protection cannot be justified. In that case, access should
> be granted even if the need for the protected materials is minimal.
> When that is not the case, the court should require the party
> seeking modification to show why the secrecy interests deserve
> less protection than they did when the order was granted. Even
> then, however, the movant should not be saddled with a burden
> more onerous than explaining why his need for the material
> outweighs existing privacy concerns.

Id.

The Court will deny Plaintiff's request to modify the Protective Order because Plaintiff fails to provide an adequate reason for modifying the Protective Order, and, even if Plaintiff provided an adequate reason, NDC demonstrated good cause for maintaining the confidentiality of the disputed portions of Mr. Raschilla's deposition testimony. First, Plaintiff failed to offer a valid reason for modifying the Protective Order. Plaintiff claims that "restricting [the disputed portions of Mr. Raschilla's testimony] negatively hampered [her] ability to present her case for summary judgment. For example, Plaintiff was forced to temper her reply brief, refraining for example, from including quotes or other pointed references to the deposition." (Pl.'s Reply Br., at 2). However, the Protective Order contains an express exception that allows the Court to review any documents designated as "Confidential." (Doc. No. 66 ¶ 6). Specifically, Paragraph 6(a)(i) of the Protective Order provides: "the United States District Court for the District of Delaware, the United States Court of Appeals for the Third Circuit, the United States Supreme Court, their staffs, and members of the jury in this case" may have access to confidential information shared between the parties. (Doc. No. 66 ¶ 6). As a result of this clear language, the Court is perplexed by Plaintiff's assertion that "restricting [the disputed portions of Mr. Raschilla's testimony] negatively hampered [Plaintiff's] ability to present her case for summary judgment." (Pl.'s Reply Br., at 2). The Confidentiality Order simply does not prohibit the Court from reviewing Mr. Raschilla's deposition testimony.

Moreover, even if Plaintiff offered a credible reason for modifying the Protective Order, there is "good cause" for maintaining the confidentiality of the disputed portions of Mr. Raschille's deposition testimony. As previously mentioned, in order to determine whether there is good cause to maintain a protective order, the Court must apply the balancing test articulated in <u>Pansy</u>. <u>Pansy</u>, 23 F.3d at 790. With respect to the first <u>Pansy</u> factor, NDC, a business entity, does not have a right to privacy. In <u>Pansy</u>, the court noted that "it is appropriate for courts to order confidentiality to prevent the infliction of unnecessary or serious pain on parties <u>who the court reasonably finds are entitled to such protection</u>." <u>Id.</u> at 787 (emphasis added). Unlike individuals, who have a general right to privacy, business entities do not have a right to privacy. See <u>Arnold v. Pennsylvania, Dep't of Transp.</u>, 477 F.3d 105, 111 (3d Cir. 2007) (citing <u>United States v. Morton Salt Co.</u>, 338 U.S. 632, 652 (1950) ("[C]orporations can claim no equality with individuals in the enjoyment of a right to privacy."). Therefore, because NDC is a business entity, it does not have a protectable privacy interest. Accordingly, the first <u>Pansy</u> factor favors disclosure.

The second <u>Pansy</u> factor – whether the information is being sought for a legitimate public purpose or an improper purpose – favors disclosure. Plaintiff requests disclosure of the disputed testimony in order to more effectively advocate her position at summary judgment. That is not an improper purpose. Federal Rule of Civil Procedure 56 provides that a plaintiff may move for summary judgment prior to trial. Fed. R. Civ. P. 56(a). Plaintiff seeks disclosure of the disputed testimony in order to enable the Court to fairly adjudicate her motion for summary judgment. Although, the Protective Order does not preclude the Court from examining Mr. Raschille's testimony, it is not improper for Plaintiff to seek disclosure of Mr. Raschille's testimony to further her position on a motion for summary judgment. Therefore, the Court finds that the

second Pansy factor favors disclosure.

With respect to the third Pansy factor, the Court finds no evidence that allowing public disclosure will result in significant embarrassment to NDC. The Pansy court provided the following explanation of the third Pansy factor:

> [A]n applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious. As embarrassment is usually thought of as a non-monetizable harm to individuals, it may be especially difficult for a business enterprise, whose primary measure of well-being is presumably monetizable, to argue for a protective order on this ground.

23 F.3d at 787. The only form of embarrassment that will result from disclosure of NDC's financial information is monetary. NDC argues in the reply brief, "[d]isclosure of [the disputed portions of Mr. Raschilla's deposition] will cause NDC – a privately held company whose financial statements are not publicly available – to suffer competitive disadvantage in the marketplace." (Def.'s Br., at 5). However, because an embarrassment is generally a non-monetized harm to an individual, and NDC does not argue that it will suffer any other form of embarrassment, this factor weighs in favor of disclosure.

The fourth Pansy factor – whether the information sought is important to public health and safety – favors nondisclosure. This case involves litigation between a private company and a private citizen. The basis for Plaintiff's claim is the alleged breach of a contract for services. The contract does not implicate public health and safety. The parties are not public officials or public entities, and there is no evidence that breach of the agreement will cause harm to the public. Therefore, the fourth Pansy factor favors nondisclosure.

The fifth Pansy factor is whether sharing the disputed information will promote fairness and efficiency. Id. at 787. Here, there is no evidence that sharing NDC's financial information

7

will promote fairness and efficiency. As previously mentioned in this Opinion, the Protective Order contains an exception for documents filed before the U.S. District Court for the District of New Jersey. Thus, the Court has access to the information necessary to fairly adjudicate Plaintiff's claim. Moreover, the parties shared Mr. Raschille's deposition testimony prior to when Plaintiff filed the reply brief, and there is no indication that denying Plaintiff's motion to modify the Protective Order will deter the parties from sharing information during discovery. Accordingly, the fifth Pansy factor does not favor disclosure.

The sixth Pansy factor – whether the party benefitting from the order of confidentiality is a public entity or official – favors nondisclosure because both parties in this lawsuit are private entities.

With respect to the seventh Pansy factor, the Court finds that this case does not involve issues important to the public. In Pansy, the court recognized that "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." 23 F.3d at 788. Here, the Protective Order protects NDC's private financial information. The parties entered into a private, contractual agreement for services. The public has little interest in a private company, or the details of a contract between two private parties. Accordingly, the seventh Pansy factor favors nondisclosure.

The final Pansy factor, specific to requests to modify preexisting protective orders, is the parties' reliance. The Pansy court offered the following guidance concerning the issue of reliance: "The extent to which a party can rely on a [confidentiality order] should depend on the extent to which the order induced the party to allow discovery or to settle the case." Id. at 790 (quoting Beckman, 966 F.2d at 475-76). Here, there is no evidence that the parties relied on the

Protective Order prior to the motion for summary judgment. On May 3, 2010, Magistrate Judge Donio entered the Protective Order. Mr. Raschilla's deposition occurred on December 15, 2009. (Doc. No. 87). Because the Court entered the Protective Order <u>after</u> Mr. Raschilla gave his deposition testimony, it is self-evident that the Protective Order did not induce NDC to allow discovery or provide Plaintiff with Mr. Raschille's deposition testimony. Accordingly, the final <u>Pansy</u> factor supports disclosure.

After considering the <u>Pansy</u> factors, the Court "must balance [Plaintiff's] need for information against the injury that might result if uncontrolled disclosure is compelled." <u>Pansy</u>, <u>Id.</u> at 787. Here, the Court finds that the injury that may occur to NDC as a result of the public disclosure of its private financial information outweighs Plaintiff's interest in public disclosure. NDC identified particularized harm that will result from public disclosure of its private financial information. NDC points to the following particularized harms: (1) the fact that potential customers may use the terms of NDC's agreement with Safeway to obtain leverage in future contract negotiations with NDC; and (2) the possibility that NDC's competitors may use information in Mr. Raschille's testimony that relates to its pricing strategy and profit margin to gain a competitive advantage against NDC in the future. NDC's reasons for maintaining the confidentiality of its financial information are not "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning"; rather, they are specific examples of serious harm that will result from public disclosure of private financial data. <u>Pansy</u>, 23 F.3d at 786 (internal quotation marks omitted).

On the other hand, Plaintiff has little interest in public disclosure of NDC's private financial information. As previously mentioned in this Opinion, the Protective Order does not preclude Plaintiff or the Court from reviewing NDC's financial information. Thus, there is no

need to disclose NDC's private financial data to the general public in order for the Court to fairly adjudicate Plaintiff's motion for summary judgment. Moreover, the public has little interest in the financial information concerning a contract between two private parties. There is no evidence of any harm to public health and safety that may result from nondisclosure of Mr. Raschille's testimony.

Finally, the disputed portions of Mr. Raschille's testimony would be available to the public but for the Protective Order and/or motion to seal. There is a presumptive right to public access of documents filed in this Court. Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) ("The existence of a common law right of access to judicial records is beyond dispute."). Because there is a right to public access of the documents attached to Plaintiff's motion for summary judgment, if the Court does not enforce the Protective Order, and seal the disputed portions of Mr. Raschille's testimony, numerous third parties may access NDC's private financial information. Moreover, there is no less restrictive method to protect NDC's financial information other than maintaining the Protective Order and redacting portions of Mr. Raschille's testimony. Therefore, because access to the protected portions of Mr. Raschille's testimony cannot be granted without harming NDC's legitimate secrecy interest, and Plaintiff offers no persuasive reason why NDC's secrecy interest deserves less protection,[2] the Court will maintain the Protective Order.

Therefore, because public disclosure of NDC's private information is unnecessary to the fair adjudication of Plaintiff's motion summary judgment, and because disclosure risks serious

---

[2] Plaintiff argues that there is no longer a need to seal the disputed portions of Mr. Raschille's testimony that address NDC's relationship with Safeway because that relationship ended in 2008. (Reply Br. ¶ 4). However, Plaintiff's argument is unavailing because NDC contends, and this Court agrees, that other potential customers may use the disputed portions of Mr. Raschille's testimony to gain a competitive advantage in their negotiations with NDC. (Def.'s Br., at 6). Thus, the fact that NDC and Safeway discontinued their relationship in 2008 is not dispositive on the issue of whether NDC's private information deserves less protection.

harm to the financial interests of a private company, the Court will not modify the Protective Order entered on May 3, 2010. Moreover, having determined that there is good cause to maintain the confidentiality of the disputed portions of Mr. Raschille's testimony pursuant to the Protective Order, the Court will also grant Plaintiff's motion to seal.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to modify the Protective Order is DENIED, and Plaintiff's motion to seal is GRANTED. An appropriate order shall follow.

Date: 3/11/2011   /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge